UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

CARLIN UPTON POWELL,  :  CASE NO. 1:17 CV 1302

       Plaintiff,  :

vs.  :  OPINION & ORDER

MEDICAL DEPARTMENT CUYAHOGA  :
COUNTY CORRECTION CENTER, *et al.*,  :

       Defendants.  :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background**

*Pro se* plaintiff Carlin Upton Powell is a pre-trial detainee in the Cuyahoga County Jail (the Jail), awaiting trial on charges of kidnaping, rape, and corruption of a minor. He has filed this *in forma pauperis* civil rights damages action against numerous individual and institutional defendants, contending that since he was booked into the Jail on May 26, 2016, he has been subjected to medical neglect amounting to deliberate indifference. (Doc. No. 1.) The defendants named in his complaint are: the Medical Department Cuyahoga County Correctional Center; Metro Health Systems; Dr. John A. Yourself; Dr. Alan Gatz; Dr. Rekha Ujla; Dr. Albert Coreno; Dr. Leslie Koblentz; Dr. Thomas Tallman; Marcus Harris Director of Inmate Health Services; Cuyahoga County Medical Director; and the State of Ohio Department of Rehabilitation and Correction Medical Director. (*Id*. at 2.)

The plaintiff alleges he is "disabled," with "previous spinal surgery fusions in [his] lower back and spine," and a history of pulmonary embolisms (blood clots) in his lungs, arms

and legs, and that since he was booked into the Jail, he has been denied necessary medications and medical treatment for his conditions. (*Id.* at 5.) He alleges he was told by the doctor who went over his medical history with him at intake that he "would be having problems" in the Jail and was "going to just be out of luck" because medications previously prescribed for him were not available in the Jail. (*Id.*) According to the plaintiff, he has been told he can only be offered Motrin, which he alleges he cannot take. In addition to being denied proper medication, the plaintiff alleges that despite having a prescription for a medical mattress and an order for a lower bunk restriction, he has consistently been denied those accommodations. Instead, he has been made to sleep on a thin mattress on a concrete floor, which he alleges has exacerbated his conditions and caused him excruciating pain.

The plaintiff alleges the medical staff at the Jail knew or should have known that he was being denied necessary medical care prescribed for his conditions, and that the "Medical Department, and Defendants named in the [the] complaint . . . did in fact help try to cover up the actions of the Medical Department and its Drs." (*Id*. at 10.) He has filed two amendments to his complaint, containing additional allegations of inadequate care. (Doc. Nos. 3, 4.)

**Discussion**

Because the plaintiff is proceeding *in forma pauperis* and is suing a number of governmental entities and employees, his complaint must be screened under 28 U.S.C. §§1915(e)(2)(B) and 1915A. Those statutes require the Court to review, and to dismiss before service, any complaint or any portion of it that the Court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In

making this determination, the Court must construe the plaintiff's *pro se* pleadings liberally in his favor. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Prisoners have a constitutional right under the Eighth Amendment to have their "serious medical needs treated without deliberate indifference." *LeMarbe v.Wisneski*, 266 F.3d 429, 435 (6th Cir. 2001). To make out a claim, a prisoner must show that he suffered from a "sufficiently serious" medical need, and that the prison official in question acted with "a sufficiently culpable state of mind" in connection with such need. *Cobbs v. Pramstaller*, 475 F. App'x 575, 580 (6th Cir. 2012). A culpable state of mind exists if the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm" to the prisoner existed, and the official also drew that inference. *LeMarbe*, 266 F.3d at 436.

Reviewing the plaintiff's complaint liberally as the Court must at this juncture, the Court finds that the plaintiff's action may proceed at least past the screening stage against the individual defendants named in his complaint, *i.e.*, Doctors Yourself, Gatz, Ujla, Coreno, Koblentz, and Tallman; the Director of Inmate Health Services Marcus Harris; the Cuyahoga County Medical Director; the Director of the Jail; and the Medical Director of the Ohio Department of Rehabilitation. The allegations in the plaintiff's complaint liberally construed suggest he contends all of these defendants were associated with decisions made about his medical care, and/or in some way participated in delaying, or denying him medical care known to be needed for his medical conditions. Accordingly, the plaintiff may proceed with his civil rights action for deliberate indifference against these individual prison doctors and officials.

However, the Court finds that the plaintiff's complaint fails to state a plausible claim,

and must be dismissed as against the "Medical Department" of the Jail and "Metro Health Systems." Section 1983 creates a cause of action for constitutional violations only against "persons" who act to deprive a plaintiff of a constitutional right. A medical department for a state prison is not a "person" subject to liability under § 1983. *Hix v. Tennessee Dept. of Corrections*, 196 F. Appx. 350 (6th Cir. 2006). Nor is "Metro Health Systems" a person subject to suit under Section 1983.

## Conclusion

Accordingly, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the plaintiff's complaint is hereby dismissed against the Medical Department of the Cuyahoga County Correctional Center and Metro Health Systems. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

This action shall proceed only as against the remaining individual defendants named in the complaint. Although the individuals defendants may remain in this action, the plaintiff has not provided summonses or U.S. Marshal forms for any these individuals. Consequently, the Clerk's Office is unable to forward this matter to the U.S. Marshal for service. Therefore, the plaintiff is directed to provide two summonses and a U.S. Marshal form for each of the defendants remaining in this case within thirty (30) days of this order. The plaintiff is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms. The Clerk's Office is directed to mail sufficient summonses and U.S. Marshal forms to plaintiff with a copy of this order. If the plaintiff fails to provide the completed forms within the time period specified herein, his complaint against these remaining defendants will be dismissed.

IT IS SO ORDERED.

Dated: December 12, 2017  *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE