UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| CARLIN UPTON POWELL | : | CASE NO. 1:17-CV-1302 |
|     Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 48] |
| MEDICAL DEPARTMENT CUYAHOGA | : | |
| COUNTY CORRECTIONAL CENTER, *et al.*, | : | |
|     Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Marcus Harris moves to dismiss the claims made against him for insufficient service of process under Fed. R. Civ. Pro. 12(b)(5). Harris says he has never been served with a summons or copy of the complaint in this matter.[1] Plaintiff Carlin Upton Powell opposes because he states that he has attempted to make service on Harris but that his efforts have been unsuccessful.[2] For the following reasons, the Court **GRANTS** Defendant Harris's motion to dismiss for insufficient service of process and **DISMISSES** Plaintiff Powell's claims against Defendant Harris without prejudice.

## I. Background

Plaintiff Carlin Upton Powell, a *pro se* prisoner, filed this action on June 21, 2017, against several defendants, including Marcus Harris, R.N.[3] On December 12, 2017, this Court screened Plaintiff Powell's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and allowed Plaintiff Powell to proceed on some of his claims.[4] In that opinion, the Court noted that Plaintiff had not provided summonses or U.S. Marshal forms to the Clerk's Office to enable the U.S. Marshal to

---

[1] Doc. 48.
[2] Doc. 49.
[3] Doc. 1.
[4] Doc. 10.

Case No. 1:17CV1302
Gwin, J.

effect service on behalf of Plaintiff.[5] This Court directed Plaintiff Powell to return the completed forms to the Clerk's Office within 30 days.[6]

On January 12, 2018, the Clerk's Office filed executed returns of service for all individual defendants except Harris.[7] On January 23, 2018, the Clerk's Office filed an unexecuted return of service for Defendant Harris, which had a notation stating that Harris no longer worked at the address that Plaintiff Powell had provided for him.[8]

On February 15, 2018, this Court entered an order directing Plaintiff Powell to execute service on Defendant Harris within 21 days.[9] The docket does not show any returns of service during that period or since,[10] but Powell states that he provided a summons and U.S. marshal form without Harris's address to the Clerk's Office.[11] Powell also states that he indicated on the paperwork that he believed that Harris had moved to California and worked at a prison there.

Defendant Harris now moves to dismiss the claims against him for insufficient service of process under Fed. R. Civ. Pro. 12(b)(5).[12]

## II. Legal Standard

Service of process is required before a district court may exercise personal jurisdiction over the parties to a case.[13] Rule 12(b)(5) authorizes a district court to dismiss a complaint for insufficiency of service of process.[14] Rule 4 establishes the requirements for sufficiency of process.[15]

---

[5] *Id.* at 4.
[6] *Id.*
[7] Doc. 13.
[8] Doc. 14.
[9] *See* Docket at Feb. 15, 2018 (non-document order).
[10] *See* Docket.
[11] Doc. 49 at 2.
[12] Doc. 48. Plaintiff Powell opposes. Doc. 49. Defendant Harris replies. Doc. 50.
[13] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).
[14] Fed. R. Civ. Pro. 12(b)(5).
[15] Fed. R. Civ. Pro. 4.

Rule 4(m) sets an initial 90-day time limit for a plaintiff to effect service.[16] If the plaintiff has not completed service within 90 days, Rule 4(m) directs the Court to determine whether the plaintiff has shown good cause for failing to effect timely service.[17] If the plaintiff has shown good cause, "the court must extend the time for service for an appropriate period."[18] Second, if the plaintiff has not shown good cause, the Sixth Circuit has interpreted Rule 4(m) to compel dismissal.[19]

### III. Discussion

#### A. Plaintiff has not established good cause for untimely service

Establishing good cause is the responsibility of the party opposing the motion to dismiss.[20] The party opposing dismissal must make a "demonstration of why service was not made within the

---

[16] Fed. R. Civ. Pro. 4(m).
[17] *See* Warrior Imports, Inc. v. 2 Crave, 317 F.R.D. 66, 69 (N.D. Ohio 2016). Proceeding to this step assumes that the defendant has not waived the defense of insufficiency of service of process. Fed. R. Civ. Pro. 12(h)(1)(B) "requires a defendant to either (i) 'make' an insufficient-service defense in a pre-answer motion or (ii) simply 'include' the defense in the answer. The rule gives a defendant the option to preserve the defense in either manner, provided he has not already filed a motion under Rule 12 that did not assert the defense." King v. Taylor, 694 F.3d 650, 657 (6th Cir. 2017). It is clear from the Docket that Harris has not made an answer, filed a Rule 12 motion or participated in this litigation until filing the present motion to dismiss for insufficient service of process.
[18] Fed. R. Civ. Pro. 4(m).
[19] *See, e.g.*, Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 521 (6th Cir. 2006) (stating that Rule 4(m) states that "dismissal 'shall' follow unless the 'plaintiff shows good cause' for failure to meet [the deadline]"). But the Sixth Circuit's published opinions appear to be at variance with Rule 4(m) and with guidance that the Supreme Court has given in dicta. *See* Fed. R. Civ. Pro. 4(m) (if defendant not served within 90 days, court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time"); Henderson v. United States, 517 U.S. 654, 662 (1996) (stating that Rule 4(m) has accorded courts discretion to extend time limit in absence of good cause). This variance has caused confusion in the lower courts. *See, e.g.*, Warrior Imports, Inc. v. 2 Crave, 317 F.R.D. 66, 69 (N.D. Ohio 2016); Osborne v. First Nat'l Bank of Del., 217 F.R.D. 405, 406-08 (S.D. Ohio 2003). However, even if the Court had discretion to extend the time allowed for service, it would not exercise that discretion in this case. It has been over a year since the complaint was filed, and as discussed below, Plaintiff Powell's efforts to serve Defendant Harris have not been diligent. Moreover, extending the time again would adversely impact the remaining defendants by substantially delaying the resolution of the case, which is set for trial in about three months. "Neither [the Federal Rules of Civil Procedure] nor the interests of justice require endless extensions of time or unlimited attempts to perfect service." Williams v. General Motors, 2014 WL 66458, at *4 (S.D. Ohio 2014).
[20] Habib v. GMC, 15 F.3d 72, 73 (6th Cir. 1994).

time constraints" of Rule 4(m).[21]  Rule 4(m) does not define "good cause,"[22] but the Sixth Circuit has recognized that extraordinary circumstances may give rise to good cause excusing untimely service.[23]  In contrast, the Sixth Circuit has not found good cause based on claims of general hardship or unexpected difficulties in effecting service.[24]

Plaintiff Powell states that on or about February 16, 2018, he mailed a new summons and U.S. Marshal form to the Clerk's Office after receiving notice on or about February 15, 2018, of the failure of the first attempt to serve Defendant Harris.[25]  Powell states that he indicated on these forms that he "did not have another address for Marcus Harris."[26]  Instead, Powell states that he informed the Clerk's Office that "Mr. Harris now lived in California and was a [s]upervisor or [d]irector of 14 prisons from information obtained."[27]  Powell notes that—as a prisoner—he has limited means to obtain Harris's current address.[28]

In *Clemons*, the Sixth Circuit addressed a situation in which a pro se prisoner plaintiff had difficulty obtaining information regarding defendants' whereabouts.[29]  In that case, after the plaintiff received notice that service had been attempted but not executed, the plaintiff filed a motion to compel information from the state, which was defendants' employer, about defendants' whereabouts.[30]  The Sixth Circuit found that good cause for failing to effect timely service existed

---

[21] *Hall v. Runyon*, 1994 WL 201888 (6th Cir. 1994), at *1 (citing *Moncrief v. Stone*, 961 F.2d 595, 596 (6th Cir. 1992)).
[22] *See Warrior Imports*, 317 F.R.D. at 69.
[23] *See, e.g.*, *Habib*, 15 F.3d at 73 (finding good cause where a seriously ill pro se plaintiff made a good faith effort to perfect service); *Byrd v. Stone*, 94 F.3d 217, 220 (1996) (vacating dismissal of pro se prisoner plaintiff's complaint and remanding where plaintiff failed to perfect service due to serious errors made by the court clerk and U.S. Marshals assigned to the task).
[24] *See, e.g.*, *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521-22 (6th Cir. 2006) (holding that personal matters involving the welfare of counsel's children, coupled with a lack of assistance from co-counsel, did not constitute good cause).
[25] Doc. 49 at 1-2.
[26] *Id.* at 2.
[27] *Id.*
[28] *Id.* at 5.
[29] *Clemons v. Soeltner*, 2003 WL 1795698 (6th Cir. 2003).
[30] *Id.* at *1.

Case No. 1:17CV1302
Gwin, J.

only because the plaintiff "demonstrate[d] diligence in *seeking the address* for service" and also demonstrated diligence in seeking "relief from the court on numerous occasions."[31]

Plaintiff Powell never sought to serve the defendants within the 90-day period prescribed by Rule 4(m), nor did he notify the Court of any difficulties he may have encountered in preparing the required forms.[32] Even after the Court gave Powell additional time on its own motion[33] and after he was notified of the failure to serve Harris,[34] Powell states that he submitted defective forms to the Clerk's Office instead of making a good faith effort to discover Harris's address or notifying the Court of any difficulty that he may have encountered in doing so.[35] There is also no evidence that Powell made any attempt to obtain a forwarding address from Defendant Harris's former employer.

Powell filed his complaint on June 21, 2017,[36] and the deadline to serve Harris passed on September 19, 2017.[37] But the first time Powell apprised the Court of any difficulty he had in serving Harris was nearly a year later on June 11, 2018, in response to Harris's motion to dismiss for insufficient of service of process.[38] Moreover, Powell was explicitly advised on December 12, 2017, that if he "fails to provide the *completed* forms within the time period specified herein, his complaint against [the] remaining defendants will be dismissed."[39] Had Powell been more diligent in attempting to serve the individual defendants soon after the complaint was filed, he might have managed to serve Harris while he was still worked at the Cuyahoga County Correctional Center, or might have managed to serve him with the Court's assistance by now.

The Sixth Circuit has also "found good cause … when failure of the Marshals Service and clerk to perform their required duties resulted in failure to effect timely service on behalf of a pro se

---

[31] *Id.* at *2 (emphasis added).
[32] *See* Docket.
[33] Doc. 10.
[34] Docket at Feb. 15, 2018 (non-document order).
[35] Doc. 49 at 2.
[36] Doc. 1.
[37] *See* Fed. R. Civ. Pro. 4(m).
[38] Doc. 49.
[39] Doc. 10 at 4 (emphasis added).

Case No. 1:17CV1302
Gwin, J.

plaintiff proceeding in forma pauperis."[40] But in *Byrd*, the Sixth Circuit found that the U.S. Marshals Service was "plainly derelict" because it "failed to serve plaintiff's process on defendant even though plaintiff provided the court with [defendant's] name *and address*[.]"[41] In contrast, Plaintiff Powell states that he failed to provide the Clerk's Office and the U.S. Marshal with an address at which Defendant Harris could be served.[42] Instead, he states that he provided them with an incomplete form and information that Harris was now working at a prison in California.[43] Court personnel were not required to use partial, somewhat vague information provided by Powell to scour California prisons in order to discover Defendant Harris's location.[44]

Plaintiff Powell also argues that Harris had actual notice of his impending lawsuit.[45] But even if true, actual notice is not a substitute for properly effecting service under Rule 4.[46]

For these reasons, the Court holds that Plaintiff Powell has not demonstrated good cause for his failure to effect timely service.

---

[40] *Clemons v. Soeltner*, 2003 WL 1795698, at *2 (6th Cir. 2003) (citing *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996)).
[41] *Byrd*, 94 F.3d at 220 (emphasis added).
[42] Doc. 49 at 2.
[43] *Id.*
[44] *Cf. Abel v. Harp*, 2005 WL 372312, at *3 (6th Cir. 2005) (stating that U.S. Marshal was required to effectuate service because plaintiff "identified the location of the FBI office where [defendants] were working at all times relevant to the complaint"); *Byrd*, 94 F.3d at 219 (stating that U.S. Marshal must effect service on defendants "once reasonable steps have been taken to identify for the court the defendants named in the complaint").
[45] Doc. 49 at 4.
[46] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (holding that district court erred in determining that actual notice of action cured insufficient service of process).

Case No. 1:17CV1302
Gwin, J.

## IV. Conclusion

For those reasons, the Court **GRANTS** Defendant Harris's motion to dismiss the claims against him under Rule 12(b)(5) and **DISMISSES** the claims against Defendant Harris **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: July 3, 2018            s/ *James S. Gwin*
                     JAMES S. GWIN
                     UNITED STATES DISTRICT JUDGE