UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

CARLIN UPTON POWELL, :
: Case No. 1:17-cv-1302
        Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 35, 36, 51, 55]
MEDICAL DEPARTMENT CUYAHOGA :
COUNTY CORRECTIONAL CENTER, *et al.*, : :
:
        Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Carlin Powell is a pre-trial detainee in the Cuyahoga County Correctional Center.[1] He has filed this lawsuit against a variety of defendants alleging that they were deliberately indifferent to his medical needs in violation of the Eighth Amendment and violated the Interstate Agreement on Detainers.[2]

The Court has previously described Powell's factual allegations[3] and will not describe them again here. Suffice it to say the Court has already dismissed all of Plaintiff Powell's claims except for his claim that several doctors who service the Correctional Center unconstitutionally denied him medication.[4] Those Doctor Defendants now move for summary judgment on that claim.[5]

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[6] The moving party must first demonstrate that there is no genuine dispute as to a material fact entitling it to judgment.[7] Once the moving party has done so, the non-moving party must set forth specific

---

[1] Doc. 10 at 1.
[2] *See generally* Doc. 1.
[3] Doc. 42; Doc. 52.
[4] Doc. 42 at 9. The Doctor Defendants are Doctor John Yourself; Doctor Alan Gatz; Doctor Rekha Ujla; Doctor Albert Coreno; Doctor Leslie Koblentz; and Doctor Thomas Tallman. Doc. 1 at 2.
[5] Doc. 51. Plaintiff Powell opposes. Doc. 55. The Doctor Defendants reply. Doc. 57.
[6] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
[7] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

facts in the record—not its allegations or denials in pleadings—showing a triable issue.[8] The non-moving party must show more than some doubt as to the material facts in order to defeat a motion for summary judgment.[9] But the Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[10]

When parties present competing versions of the facts on summary judgment, a district court adopts the non-movant's version of the facts unless incontrovertible evidence in the record directly contradicts that version.[11] Otherwise, a district court does not weigh competing evidence or make credibility determinations.[12]

With their motion for summary judgment, the Doctor Defendants show evidence demonstrating that Plaintiff Powell received medical treatment, including some medication, a referral to physical therapy, and multiple consultations.[13] Plaintiff Powell has produced no admissible evidence in response to the Defendants' evidence. While Powell has produced statements contesting the accuracy of the Doctor Defendant's evidence, none of those statements are sworn or declared to be given under penalty of perjury. As a result, they cannot be considered at the summary judgment stage.[14]

Plaintiff Powell has also produced evidence demonstrating that he has had back surgery and other medical treatment in the past.[15] But that evidence obviously does not show whether he received proper treatment at the Correctional Center. And to the extent that Powell believes that he

---

[8] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (2018).
[9] *Id.* at 586.
[10] *Killion*, 761 F.3d at 580 (internal citations omitted).
[11] *See Scott v. Harris*, 550 U.S. 372, 380 (2007).
[12] *Koren v. Ohio Bell Tel. Co.*, 894 F. Supp. 2d 1032, 1037 (N.D. Ohio 2012) (citing *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 470 (6th Cir. 2012)).
[13] Doc. 51-1. This evidence also defeats any surviving argument that the Correctional Center is not a suitable facility under the Interstate Agreement on Detainers.
[14] *Worthy v. Mich. Bell Tel. Co.*, 472 F. App'x 342, 343–45 (6th Cir. 2012); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363 n.3 (6th Cir. 2001); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991).
[15] Doc. 39.

should have received better care, his claim sounds in medical malpractice rather than the Eighth Amendment.[16]

Plaintiff Powell also requests video footage from the prison to demonstrate that he did not receive the medical treatment at the times the Doctor Defendants claim.[17] But however helpful that evidence might be at trial, the Court does not believe that it should delay its summary judgment ruling based on this request. Plaintiff Powell could have avoided summary judgment by submitting sworn evidence, including his own sworn declaration or affidavit, contradicting the Doctor Defendants' account of events. He did not do so.

For those reasons, the Court **GRANTS** the Doctor Defendants' motion for summary judgment and **DENIES AS MOOT** Plaintiff Powell's motion to compel video footage.[18] Because this resolves the last of Plaintiff Powell's claims, his complaint is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

Dated: August 8, 2018            *s/       James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[16] *See Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 848–49 (N.D. Ohio 2007) ("[D]ifferences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law." (internal citations omitted)); *see also Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.").

[17] Doc. 55-1 at 5–6.

[18] To the extent it is still pending, the Court also **DENIES AS MOOT** Plaintiff Powell's requests for a medical examination or other discovery. Doc. 35, 36. Furthermore, the Court does not construe Powell's complaint to have raised any state-law claims (such as medical malpractice), but to the extent it was intended to the Court declines to exercise supplemental jurisdiction over those claims.